Cite as 2023 Ark. App. 526

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-245

| | | |
|---|---|---|
| HUGHEY BROOKS | | Opinion Delivered November 15, 2023 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | | [NOS. 72CR-18-2086; 72CR-18-370; 72CR-18-1185; 72CR-18-1217; 72CR-18-1657; 72CR-19-496; 72CR-19-594; 72CR-19-600; 72CR-19-1228] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

## N. MARK KLAPPENBACH, Judge

Hughey Brooks appeals the order of the Washington County Circuit Court revoking his probation. We affirm the revocation and remand to correct the sentencing order.

In 2019, Brooks entered a negotiated plea in eight felony cases and was sentenced to six years' suspended imposition of sentence (SIS) on each count. In 2020, he pleaded guilty to two counts in a ninth case, No. 72CR-19-1228, and was placed on four years' probation. A revocation hearing was held in January 2023, wherein the State sought to revoke Brooks's SIS and probation.

At the beginning of the hearing, the State introduced several exhibits, including a file-marked copy of the conditions of Brooks's probation, which was signed by Brooks. The exhibit was admitted without objection. Brooks's probation officer testified regarding several of the conditions of probation Brooks had violated and testified that Brooks was aware of those conditions. Brooks testified that he had used drugs in 2021, and he admitted that the use of drugs was a violation of his probation. The circuit court revoked Brooks's probation and SIS and sentenced him to an aggregate of thirty years' imprisonment.

On appeal, Brooks contends that there was insufficient evidence to revoke his probation because it was not clear that the circuit court knew the conditions of probation or knew that Brooks had knowledge of the conditions. He raised a variation of this argument below. We find no merit in this argument because, as noted above, the signed conditions of probation were admitted into evidence, and Brooks's probation officer testified that Brooks violated known conditions. Accordingly, we affirm the revocation of Brooks's probation.

Although we affirm the revocation, we must remand for correction of a scrivener's error in the amended sentencing order. Offenses two through seven and offense ten incorrectly state that Brooks entered a negotiated plea of guilty in addition to being found guilty by the court and sentenced by the court. Therefore, we remand for the circuit court to correct the sentencing order. *See Palmer v. State*, 2023 Ark. App. 178, at 7, 663 S.W.3d 436, 441.

Affirmed; remanded to correct sentencing order.

HARRISON, C.J., and BARRETT, J., agree.

*Trent T. Thomas*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.